SRA FILE #916-7001
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ERIC OFORI and RITA GYIMA-DANSO,

                                    Plaintiffs,

          -against-

FFE TRANSPORTATION SERVICES, INC. and
"JOHN DOE",

                                 Defendants.
-------------------------------------------------------------------X

**Docket No.:07-CV-3975**

**Judge Castel**

**ANSWER**

Defendant FFE TRANSPORTATION SERVICES, INC, by its attorneys, STRONGIN ROTHMAN & ABRAMS, LLP, answering the Verified Complaint of the Plaintiffs, states as follows:

### ANSWERING THE FIRST CAUSE OF ACTION

1. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Verified Complaint.

2. Denies each and every allegation contained in paragraph "2" of the Verified Complaint.

3. Admits each and every allegation contained in paragraph "3" of the Verified Complaint.

4. Denies each and every allegation contained in paragraph "4" of the Verified Complaint except admits that FFE Transportation Services, Inc. is the registrant of a trailer bearing Oklahoma registration number 439 7FA.

5. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the Verified Complaint.

6. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" of the Verified Complaint.

7. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of the Verified Complaint.

8. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the Verified Complaint.

9. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of the Verified Complaint.

10. Denies each and every allegation contained in paragraph "10" of the Verified Complaint except admits that FFE Transportation Services, Inc. leased a trailer bearing Oklahoma registration number 439-7FA.

11. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the Verified Complaint.

12. Denies each and every allegation contained in paragraph "12" of the Verified Complaint except admits that FFE Transportation Services, Inc. leased a trailer bearing Oklahoma registration number 439 7FA.

13. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of the Verified Complaint.

14. Denies each and every allegation contained in paragraph "14" of the Verified Complaint except admits that FFE Transportation Services, Inc. leased a trailer bearing Oklahoma registration number 439 7FA.

15. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of the Verified Complaint.

16. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of the Verified Complaint.

17. Admits each and every allegation contained in paragraph "17" of the Verified Complaint.

18. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" of the Verified Complaint.

19. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of the Verified Complaint.

20. Denies each and every allegation contained in paragraph "20" of the Verified Complaint.

21. Denies each and every allegation contained in paragraph "21" of the Verified Complaint.

22. Denies each and every allegation contained in paragraph "22" of the Verified Complaint.

23. Denies each and every allegation contained in paragraph "23" of the Verified Complaint.

24. Denies each and every allegation contained in paragraph "24" of the Verified Complaint.

25. Denies each and every allegation contained in paragraph "25" of the Verified Complaint but begs leave to refer all questions of law to the court at the trial of this action.

26. Denies each and every allegation contained in paragraph "26" of the Verified Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

27. Repeats, reiterates and realleges each and every response hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph "27" of the Verified Complaint.

28. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "28" of the Verified Complaint.

29. Admits each and every allegation contained in paragraph "29" of the Verified Complaint.

30. Denies each and every allegation contained in paragraph "30" of the Verified Complaint.

31. Denies each and every allegation contained in paragraph "31" of the Verified Complaint.

32. Denies each and every allegation contained in paragraph "32" of the Verified Complaint.

33. Denies each and every allegation contained in paragraph "33" of the Verified Complaint.

34. Denies each and every allegation contained in paragraph "34" of the Verified Complaint.

35. Denies each and every allegation contained in paragraph "35" of the Verified Complaint but begs leave to refer all questions of law to the court at the trial of this action.

36. Denies each and every allegation contained in paragraph "36"of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18. The Complaint fails to state a cause of action cognizable in law or equity against this answering defendant, and the Complaint must therefore be dismissed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19. Any injuries and/or damages sustained by the plaintiffs, as alleged in the Verified Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of the plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of this answering defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20. The liability of this defendant, if any, to the plaintiffs for non-economic loss is limited to their equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21. If the plaintiff sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of parties over whom the answering defendant was not obligated to exercise supervision or control.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22. If plaintiffs sustained any injuries or incurred any damages, the same were caused in whole or in part by the acts or omissions of persons other than these defendants, over whom they had no control, or by the superseding interventions of causes outside of their control.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23. The incident of which plaintiffs complain, and plaintiffs' injuries and damages, if any, were the result of an unavoidable accident as that term is defined and recognized by law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24. In the event plaintiffs recover a verdict for personal injuries, the amount of such recovery should be reduced by any payment that plaintiffa received under the medical payment provisions of any policy of automobile liability insurance.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

25. The medical charges incurred by the plaintiffs, if any, were unnecessary and unreasonable.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

26. In the event plaintiffs recover a verdict or judgment against these defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

27. The accident described in the Verified Complaint did not result in a "serious injury" to the plaintiff as so defined in and by Section 5102(d) of the Insurance Law of the State of New York, and plaintiffs had and have no right to institute, maintain or prosecute this action and is barred from doing so.

**WHEREFORE,** this answering defendant demands judgment dismissing the Complaint, together with the attorneys' fees, costs and disbursements of this action

Dated:  New York, New York
        June 18, 2007

                                        Yours, etc.

                                        STRONGIN ROTHMAN & ABRAMS, LLP

                                        _____
                                        DROR BIKEL (DB-1779)
                                        Attorneys for Defendant
                                        FFE TRANSPORTATION SERVICES, INC.
                                        50 Broadway, Suite 2003
                                        New York, NY 10004
                                        (212) 931-8300

TO:

LAW OFFICES OF MICHAEL M. GOLDBERG, P.C.
31 East 32nd Street, 4th Floor
New York, NY 10016
(212) 481-0011
Attorney for Plaintiffs

## ATTORNEY'S VERIFICATION

**STATE OF NEW YORK** )
) ss:
**COUNTY OF NEW YORK** )

The undersigned affirms the following statement to be true under the penalty of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That he is a member of the firm of STRONGIN ROTHMAN & ABRAMS, LLP, attorneys for defendant, **FFE TRANSPORTATION SERVICES, INC.**

That he has read the foregoing document and knows the contents thereof, and that the same is true to the knowledge of your deponent except as to the matters therein alleged upon information and belief and that as to those matters he believes them to be true.

That the reason why this affirmation is being made by your deponent and not by the said defendant is that said corporation does not maintain an office with an officer having knowledge of the facts in the county where your affirmant's firm maintains its offices.

That the source of your deponent's information and the grounds of his belief as to all the matters therein alleged upon information and belief are reports from and communications had with said corporation.

Dated:   New York, New York
         June 18, 2007

_____
DROR BIKEL (DB-1779)

STATE OF NEW YORK          )
                           )SS.:
COUNTY OF NEW YORK   )

LYUDMILA TIMOSHENKO, being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years, and resides in Middlesex County, New Jersey. That on this 18th day of June, 2007 she served the within **ANSWER** upon:

LAW OFFICES OF MICHAEL M. GOLDBERG, P.C.
31 East 32nd Street, 4th Floor
New York, NY 10016
(212) 481-0011
Attorney for Plaintiffs

by depositing a true copy of same securely enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York, by Regular Mail.

_____
LYUDMILA TIMOSHENKO

Sworn to before me this
18th day of June, 2007

_____
NOTARY PUBLIC
BARRY S. ROTHMAN
Notary Public, State of New York
No. 02RO4732318
Qualified in New York County
Commission Expires January 9, 20__